# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### ORLANDO DIVISION

Ciara Williams,

Plaintiff,

v.

Wayfair, LLC,

Defendant.

Case No.: ___________________

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Ciara Williams ("Plaintiff"), proceeding pro se, brings this action against Defendant Wayfair, LLC ("Defendant" or "Wayfair"), and alleges as follows:

# I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.
2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.
3. Venue is proper in this District because the unlawful employment practices occurred within this District and Defendant conducts business here.
4. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").
5. The EEOC issued Plaintiff a Notice of Right to Sue on or about November 17, 2025. This action is filed within ninety (90) days of receipt of that notice.

# II. PARTIES

6. Plaintiff Ciara Williams is a Black woman and a resident of Florida.
7. Defendant Wayfair, LLC is an employer within the meaning of Title VII and employed Plaintiff at all relevant times.
8. At all relevant times, Defendant acted through its managers, supervisors, and agents, including but not limited to:
   - Shedrick Stokes, Terminal Manager
   - Jeffrey Tormeno, Transportation Manager
   - Andre Bates, Manager/Supervisor also served as Plaintiff's primary point of contact regarding workplace concerns

The actions and knowledge of these individuals are imputed to Defendant.

# III. FACTUAL ALLEGATIONS

## A. Employment Background

9. Plaintiff was employed by Wayfair as a Warehouse Associate beginning on or about May 16, 2024.
10. Plaintiff remained employed until her termination on or about March 14, 2025.

## B. Hostile Work Environment Created by Stella Stephens

11. Beginning in or around August 2024, Plaintiff was subjected to a hostile work environment created primarily by co-worker Stella Stephens.
12. Although Ms. Stephens did not hold a formal management title, Wayfair permitted her to exercise de facto supervisory authority, including directing employees to leave the

building, instructing employees to get off the clock, controlling workflow, and influencing disciplinary outcomes.

13. Ms. Stephens repeatedly spoke to Plaintiff in a derogatory, aggressive, and intimidating manner.
14. Management failed to correct or limit Ms. Stephens' conduct, effectively ratifying her behavior.

## C. Management Knowledge and Failure to Act

15. Plaintiff reported Ms. Stephens' conduct and the hostile work environment to Shedrick Stokes, Terminal Manager.
16. Mr. Stokes had actual knowledge of Ms. Stephens' behavior and her unauthorized exercise of authority.
17. Despite this knowledge, Mr. Stokes failed to take corrective action and allowed the conduct to continue.
18. Jeffrey Tormeno, Transportation Manager, was also aware of ongoing hostility and dysfunction within the facility and similarly failed to intervene.

## D. Racially Discriminatory Statement Regarding Job Placement

19. Prior to Plaintiff's termination, Plaintiff raised concerns regarding training and advancement opportunities for a transportation specialist position.
20. Plaintiff observed that a white employee, Jonah, was being trained for the position while Plaintiff was not, despite Plaintiff's interest and qualifications.
21. In a written communication, Andre Bates, a manager/supervisor, stated words to the effect of:

22. This statement reflects management-level awareness of racially discriminatory practices concerning job placement and advancement.
23. Defendant failed to investigate or remediate the discriminatory practices described.

## E. Off-Site Harassment Incident

24. On or about May 6, 2024, Plaintiff experienced an off-site incident in which co-worker Stella Stephens followed Plaintiff by vehicle after work for a period of time.
25. The incident caused Plaintiff fear and distress, particularly given ongoing workplace hostility.
26. Plaintiff reported the incident to Andre Bates the same day and to Human Resources shortly thereafter.
27. Defendant failed to take appropriate corrective or protective action.

## F. Incident on or About December 17, 2024

28. On or about December 17, 2024, Plaintiff was involved in an incident that further demonstrates the hostile work environment and management's failure to intervene.

29. On that date, Ms. Stephens instructed Plaintiff to get off the clock regarding an alleged issue involving another employee, despite Plaintiff not having engaged in misconduct.
30. Plaintiff had briefly spoken with the employee in question in an effort to resolve a concern directly, consistent with company policy encouraging employees to address issues between themselves prior to management involvement.
31. Despite the matter being resolved without conflict, Ms. Stephens incorrectly assumed Plaintiff had been involved in an altercation and unilaterally instructed Plaintiff to leave the floor, despite lacking managerial authority.
32. When Plaintiff objected, a verbal confrontation ensued during which Ms. Stephens used profane and abusive language toward Plaintiff, including stating "F*** you," calling Plaintiff a "b****," and making an obscene gesture.
33. This conduct occurred in the presence of Terminal Manager Shedrick Stokes.
34. Mr. Stokes did not correct Ms. Stephens, did not discipline her, and did not intervene. Instead, Plaintiff was escorted out of the building.
35. Following the incident, Mr. Stokes advised Plaintiff only to "keep [her] head down" and focus on her job, rather than addressing the misconduct.
36. Plaintiff repeatedly requested that management facilitate a meeting or resolution. Managers including Mr. Stokes, Jeffrey Tormeno, and Andre Bates stated that Ms. Stephens was "not willing to sit down and talk," and no corrective action was taken.
37. This incident reinforced Ms. Stephens' perceived authority and demonstrated Defendant's tolerance and ratification of hostile and abusive conduct.

## G. Mental Health Impact While Employed

38. Beginning in November 2024, while still actively employed, Plaintiff experienced severe anxiety, panic episodes, and suicidal ideation directly related to the hostile work environment and management's failure to intervene.
39. Plaintiff sought mental health treatment through Spring Health and attended documented therapy intake appointments between November 17, 2024 and December 3, 2024.
40. Defendant failed to provide reasonable support, accommodation, or intervention.

## H. Retaliation and Termination

41. On or about March 13, 2025, Plaintiff informed management of urgent family circumstances, including potential shelter and childcare needs.
42. Plaintiff was advised to resign voluntarily.
43. The following day, Plaintiff was terminated.
44. Defendant initially characterized the termination as a voluntary resignation.
45. Plaintiff appealed this classification and prevailed, confirming the separation was not voluntary.

## I. Damages

46. As a direct and proximate result of Defendant's conduct. Plaintiff has suffered:

- Loss of past and future wages

- Loss of housing and transportation
- Severe emotional and psychological distress
- Disruption to family stability and childcare
- Loss of employment opportunities

# IV. CLAIMS FOR RELIEF

### COUNT I – Hostile Work Environment (Title VII)

47. Defendant subjected Plaintiff to a hostile work environment based on race.

### COUNT II – Race Discrimination (Title VII)

48. Defendant engaged in discriminatory practices affecting job placement and advancement.

### COUNT III – Retaliation (Title VII)

49. Plaintiff was terminated after reporting hostile conditions and raising concerns.

### COUNT IV – Negligent Supervision and Retention

50. Defendant failed to supervise and control known hostile actors.

### COUNT V – Intentional Infliction of Emotional Distress

51. Defendant's conduct was extreme and outrageous and caused severe emotional harm.

# 52. V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor

B. Award compensatory and punitive damages

C. Award back pay and front pay

D. Award emotional distress damages

E. Award costs and fees as permitted by law

F. Grant all other just and proper relief

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Ciara Williams

Plaintiff, Pro Se

2940 Summer Isles Dr Kissimmee, Fl, 34746

656-252-3838

Ciarawilliams1219@gmail.com